[Cite as *State v. Rogers*, 2014-Ohio-3924.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101063**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRIANNA S. ROGERS

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576556-A

**BEFORE:** Keough, P.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** September 11, 2014

**ATTORNEY FOR APPELLANT**

Paul A. Mancino
Mancino, Mancino & Mancino
75 Public Square Building, Suite 1016
Cleveland, Ohio 44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Amy Venesile
      Steven McIntosh
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

**{¶1}** Defendant-appellant, Brianna Rogers, appeals the trial court's decisions denying her postsentence motion to vacate her guilty plea and her motion to reconsider her sentence. Finding that the trial court lacked jurisdiction to consider the merits of Rogers's motions, we reverse the judgments of the trial court.

**{¶2}** In 2013, Rogers was charged with two counts each of attempted murder, felonious assault, aggravated menacing, and improperly handling of firearms in a motor vehicle, and one count of discharge of a firearm on or near prohibited premises. The attempted murder and felonious assault charges also contained one-, three-, and five-year firearm specifications.

**{¶3}** Following discovery, Rogers agreed to plead guilty to two amended counts of felonious assault, two counts of aggravated menacing, one count of improperly handling of firearms in a motor vehicle, and the charge of discharge of a firearm on or near prohibited premises. All other counts were nolled. The court sentenced Rogers to five years in prison. The day after she was sentenced, Rogers moved the trial court to reconsider her sentence, and the following week, Rogers filed a postsentence motion to withdraw her guilty plea. However, on January 17, 2014, Rogers timely filed a direct appeal from her conviction. *See State v. Rogers*, 8th Dist. Cuyahoga No. 100903. On January 31, 2014, and after the direct appeal was filed, the trial court denied Rogers's motion to reconsider her sentence. On February 5, 2014, the trial court denied Rogers's postsentence motion to withdraw her guilty plea.

**{¶4}** Rogers now appeals from these decisions, raising the following two assignments of error:

> I. The trial court denied her due process in overruling her motion to withdraw her guilty plea without a hearing.
>
> II. The trial court erred in imposing more than the minimum sentence based on judicial factfinding in violation of the Sixth Amendment of the United States Constitution.

**{¶5}** We find that the trial court lacked jurisdiction to consider these motions after the direct appeal was filed. The filing of a notice of appeal divests the trial court of jurisdiction to act inconsistently with the appellate court's jurisdiction to review, affirm, modify, or reverse the appealed judgment. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978); *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9; *State v. Maholtz*, 8th Dist. Cuyahoga No. 51096, 1991 Ohio App. LEXIS 2776, *6 (June 13, 1991) ("If the trial court in the within action vacated the guilty plea, this court's jurisdiction would have been usurped as the trial court's action would have interfered with this court's jurisdiction and power to review, affirm, modify, reverse, or remand the case.").

**{¶6}** In this case, had the trial court granted either one of Rogers's motions, the trial court's decision would have interfered with this court's jurisdiction to consider Rogers's direct appeal of her convictions in accordance with App.R. 12. Accordingly, the trial court lacked jurisdiction to consider Rogers's motions once the appellant filed her notice of appeal. The trial court's ruling on the motions are a nullity. *Maholtz*,

citing *State v. Hughes*, 8th Dist. Cuyahoga No. 57165, 1990 Ohio App. LEXIS 2949 (July 19, 1990).

{¶7} Judgments reversed; case remanded for the trial court to vacate its rulings on Rogers's motions and hold the motions in abeyance until this court decides Rogers's direct appeal in *Rogers*, 8th Dist. Cuyahoga No. 100903.

It is ordered that the parties share equally in the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, PRESIDING   JUDGE

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR