[Cite as *State v. Staats*, 2016-Ohio-2921.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| GARY CYRIL STAATS | : | Case No. 2015CA00207 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Stark County Court
                                  of Common Pleas, Case No. 2014-
                                  CR-1179(A)

JUDGMENT:                         Affirmed

DATE OF JUDGMENT:                 May 9, 2016

APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

JOHN D. FERRERO                               GARY CYRIL STAATS, pro se
Prosecuting Attorney                          Inmate No. A661-652
                                              Richland Correctional Institution
By: RENEE M. WATSON                           P.O. Box 8107
Assistant Prosecuting Attorney                Mansfield, Ohio 44901
Appellate Section
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

*Baldwin, J.*

{¶1}    Defendant-appellant Gary Cyril Staats appeals from the September 24, 2015 Judgment Entry of the Stark County Court of Common Pleas denying his "Successive Motions for Post-Conviction Relief". Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On August 25, 2014, the Stark County Grand Jury indicted appellant on one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree, and one count of felonious assault in violation of R.C. 2903.11(A)(1) and/or (A)(2), a felony of the second degree. At his arraignment on August 29, 2014, appellant entered a plea of not guilty to the charges.

{¶3}    Thereafter, on October 6, 2014, appellant withdrew his former not guilty plea and entered a plea of guilty to the charges. As memorialized in a Judgment Entry filed on October 9, 2014, appellant was sentenced to six (6) years on each count. The trial court ordered that the sentences be served concurrently, for an aggregate sentence of six (6) years in prison.

{¶4}    Appellant filed a Notice of Appeal from the trial court's October 9, 2014 Judgment Entry. Appellant's appeal was assigned Case No. 2014CA00197 and, on May 5, 2015, was dismissed for want of prosecution.

{¶5}    On May 18, 2015, appellant filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence. Appellant, in his petition, alleged that his trial counsel had a conflict of interest because he represented a co-defendant, David Staats, in a probate matter and that his trial counsel was ineffective because he failed to investigate and/or interview witnesses, failed to prepare for trial, and failed to subpoena records. Appellant

further alleged that his trial counsel was ineffective in failing to file a motion "For a Review of prosecuting attorney's Cirtification (sic) of non-disclosure" and failed to share with appellant discovery material that was marked "counsel only."  Appellant also alleged that he was prejudiced by the State's withholding of evidence and that his plea was not knowing, intelligent and voluntary.

{¶6}    On May 18, 2015, appellant also filed a supplement to his Petition for Post-Conviction Relief. Appellant, in the same, argued that his right to confront his accusers and cross-examine witnesses was violated and that Detective Victor George, the investigating officer, "distorted the true nature of the facts and evidence to fit his agenda." Appellant, on the same date, also filed a motion seeking to withdraw his guilty plea.

{¶7}    Appellant, on May 28, 2015, filed a supplemental affidavit in support of his Petition for Post-Conviction Relief and Motion for Withdrawal of Guilty Plea.

{¶8}    On June 26, 2015, appellant filed a supplement to his Petition for Post-Conviction Relief, again arguing that his counsel had a conflict of interest involving David Staats, and a Motion for Summary Judgment.  Appellant, on July 16, 2015, filed an "Amendment to Supplicate Motion to Withdraw Guilty Plea", arguing that the State failed to comply with an order of discovery.  On July 24, 2015, appellant filed an amendment to his Petition for Post-Conviction Relief, arguing ineffective assistance of trial counsel and on August 24, 2015, he filed a brief in support of Post-Conviction.

{¶9}    The trial court, as memorialized in a Judgment Entry filed on September 24, 2015, denied appellant's May 18, 2015 Petition for Post-Conviction Relief finding and the supplement to the same that was filed the same day, finding, in part, that appellant could have raised the claims on direct appeal and that the claims, therefore, were barred under

the doctrine of res judicata. The trial court further found that appellant had failed to support his allegations and that he had been provided with all witness statements by receipt. Finally, the trial court found that appellant had entered his plea freely and voluntarily with the effective assistance of counsel.

{¶10} Pursuant to a separate Judgment Entry filed on September 24, 2015, the trial court denied appellant's documents that were filed after his May 18, 2015 Petition for Post-Conviction Relief and the supplement to the same filed the same day, finding that they were successive petitions and that appellant had failed to prove either or the two required factors for successive petitions set forth in R.C. 2953.23(A)(1).

{¶11} Appellant now raises the following assignments of error on appeal:

{¶12} THE TRIAL COURT ERRORED (SIC) AND ABUSED IT'S (SIC) DISCREATION (SIC) IN DENYING THE POSTCONVICTION PETITION  AS BEING SUCCESSIVE MOTIONS FOR POSTCONVICTION RELIEF, AND FAILED TO SERVE PROPER NOTICE: CIVIL RULE 58(B).

{¶13} THE TRIAL COURT ERRED AND ABUSED IT'S (SIC) DISCREATION (SIC) WHEN IT DENIED THE POSTCONVICTION RELIEF PETITION WITHOUT THE FINDINGS OF FACTS AND CONCLUSIONS OF LAW AS REQUIRED BY O.R.C. 2953.21.

I, II

{¶14} Appellant, in his first assignment of error, argues that the trial court erred when, in its September 24, 2015 Judgment Entry, it denied all of appellant's motions and/or documents filed after May 18, 2015, finding that they were successive Petitions for Post-Conviction Relief and that appellant had failed to satisfy the factors set forth in

R.C. 2953.23(A)(1) for filing a successive petition. In his second assignment of error, appellant contends that the trial court erred in denying his Petition for Post-Conviction Relief without issuing findings of fact and conclusions of law.

{¶15} In the case sub judice, appellant filed his original Petition for Post-Conviction Relief and his first supplement to the same on May 18, 2015. Between May 28, 2015 and August 24, 2015, appellant filed numerous supplements to his original petition. The State never responded to the same.

{¶16} R.C. 2953.21(F) allows the petitioner to amend his petition with or without leave of court at any time before an answer is filed, or any time thereafter with leave of court. Thus, pursuant to R.C. 2953.21(F), appellant was entitled to amend his original, petition, which was not answered by the prosecutor nor ruled upon by the trial court. Appellant is correct, therefore, that his amendments to his original petition were not successive Petition for Post-Conviction Relief.

{¶17} However, as noted by the trial court, the arguments that appellant raised in the later filings "are reiterations of the arguments made to the Court in the original petition for postconviction relief." We concur with appellee that, therefore, appellant cannot demonstrate that he suffered any prejudice. Any error that the trial court made in dismissing appellant's later filings as successive Petitions for Post-Conviction Relief was harmless.

{¶18} As is stated above, appellant, in his second assignment of error, argues that the trial court erred in denying his Petition for Post-Conviction Relief without making findings of fact and conclusions of law as required by R.C. 2953.21.

{¶19} Pursuant to R.C. 2953.21, if a trial court dismisses a petition for post-conviction relief without a hearing it has to provide findings of fact and conclusions of law as to why the petition was dismissed. *See State v. Lester,* 41 Ohio St.2d 51, 322 N.E.2d 656(1975), paragraph two of the syllabus. The trial court does not need to specifically label the findings of fact and conclusions of law as such in its journal entry, so long as the purpose is served of informing the petitioner of the grounds for denial. *State v. Farley,* 10th Dist. No. 03AP–555, 2004–Ohio–1781, ¶ 16.

{¶20} The purpose of requiring the trial court to include findings of fact and conclusions of law in its judgment entry is to sufficiently apprise both the petitioner and the potential appellate court of the grounds for its decision. *State v. Foster,* 9th Dist. Summit No. 18169, 1997 WL 626586 (Sept. 24, 1997) at 3, *citing State ex. rel. Carrion v. Harris,* 40 Ohio St.3d 19, 530 N.E.2d 1330(19888). In *State v. Mapson,* 1 Ohio St.3d 217, 219, 438 N.E .2d 910(1982), the Court stated as follows:

> The obvious reasons for requiring findings are " * * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." *Jones v. State* (1966), 8 Ohio St.2d 21, 22, 222 N.E.2d 313. The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.

{¶21} In the case sub judice, we find that the trial court's decision denying appellant's Petition for Post-Conviction Relief satisfies the policy considerations announced in *Mapson.* While the trial court did not label a section of its Judgment Entry as "findings of fact and conclusions of law," the trial court's September 24, 2015 Judgment Entry adequately addresses appellant's arguments and explains that the trial court's reasons for denying his claims were res judicata, failure of appellant to support his allegations, and its belief that appellant's plea was knowing, intelligent and voluntary. We find that the trial court provided enough information to apprise appellant of the reasons it was denying his Petition for Post-Conviction Relief.

{¶22} Finally, we note that appellant argues that, with respect to all of the Judgment Entries denying his Petition and supplements, he was not served with the same as required by Civ.R. 58(B). Such section states as follows:

> When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A).

{¶23} Appellee, in its brief, agrees that the "record does appear to reflect that [appellant] was not properly served,…" However, because this Court, via a Judgment

Entry filed on January 12, 2016, permitted appellant's appeal to proceed as if timely, we find that appellant was not prejudiced.

{¶24} Based on the foregoing, appellant's two assignments of error are overruled.

{¶25} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.