[Cite as *State v. Staats*, 2016-Ohio-5913.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| GARY CYRIL STAATS | : | Case No. 2016CA00062 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Stark County Court
                                 of Common Pleas, Case No. 2014-
                                 CR-1179(A)

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                September 19, 2016

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                           GARY CYRIL STAATS, Pro Se
Prosecuting Attorney                      Inst. No. A 661-652
                                          P.O. Box 8107
By:  RENEE M. WATSON                      Mansfield, Ohio 44901
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South, Suite 510
Canton, Ohio 44702

*Baldwin, J.*

{¶1} Defendant-appellant Gary Cyril Staats appeals from the March 9, 2016 Judgment Entry of the Stark County Court of Common Pleas reaffirming the denial of his Motion for Post-Conviction Relief. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On August 25, 2014, the Stark County Grand Jury indicted appellant on one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree, and one count of felonious assault in violation of R.C. 2903.11(A)(1) and/or (A)(2), a felony of the second degree. At his arraignment on August 29, 2014, appellant entered a plea of not guilty to the charges.

{¶3} Thereafter, on October 6, 2014, appellant withdrew his former not guilty plea and entered a plea of guilty to the charges. As memorialized in a Judgment Entry filed on October 9, 2014, appellant was sentenced to six (6) years on each count. The trial court ordered that the sentences be served concurrently, for an aggregate sentence of six (6) years in prison.

{¶4} Appellant filed a Notice of Appeal from the trial court's October 9, 2014 Judgment Entry. Appellant's appeal was assigned Case No.2014CA00197 and, on May 5, 2015, was dismissed for want of prosecution.

{¶5} On May 18, 2015, appellant filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence. Appellant, in his petition, alleged that his trial counsel had a conflict of interest because he represented a co-defendant, David Staats, in a probate matter and that his trial counsel was ineffective because he failed to investigate and/or interview witnesses, failed to prepare for trial, and failed to subpoena records. Appellant

further alleged that his trial counsel was ineffective in failing to file a motion "For a Review of prosecuting attorney's Certification (sic) of non-disclosure" and failed to share with appellant discovery material that was marked "counsel only." Appellant also alleged that he was prejudiced by the State's withholding of evidence and that his plea was not knowing, intelligent and voluntary.

{¶6}    On May 18, 2015, appellant also filed a supplement to his Petition for Post–Conviction Relief. Appellant, in the same, argued that his right to confront his accusers and cross-examine witnesses was violated and that Detective Victor George, the investigating officer, "distorted the true nature of the facts and evidence to fit his agenda." Appellant, on the same date, also filed a motion seeking to withdraw his guilty plea.

{¶7}    Appellant, on May 28, 2015, filed a supplemental affidavit in support of his Petition for Post–Conviction Relief and Motion for Withdrawal of Guilty Plea.

{¶8}    On June 26, 2015, appellant filed a supplement to his Petition for Post–Conviction Relief, again arguing that his counsel had a conflict of interest involving David Staats, and a Motion for Summary Judgment. Appellant, on July 16, 2015, filed an "Amendment to Supplicate Motion to Withdraw Guilty Plea", arguing that the State failed to comply with an order of discovery. On July 24, 2015, appellant filed an amendment to his Petition for Post–Conviction Relief, arguing ineffective assistance of trial counsel and on August 24, 2015, he filed a brief in support of Post–Conviction.

{¶9}    The trial court, as memorialized in a Judgment Entry filed on September 24, 2015, denied appellant's May 18, 2015 Petition for Post–Conviction Relief finding and the supplement to the same that was filed the same day, finding, in part, that appellant could have raised the claims on direct appeal and that the claims, therefore, were barred under

the doctrine of res judicata. The trial court further found that appellant had failed to support his allegations and that he had been provided with all witness statements by receipt. Finally, the trial court found that appellant had entered his plea freely and voluntarily with the effective assistance of counsel.

{¶10} Pursuant to a separate Judgment Entry filed on September 24, 2015, the trial court denied appellant's documents that were filed after his May 18, 2015 Petition for Post–Conviction Relief and the supplement to the same filed the same day, finding that they were successive petitions and that appellant had failed to prove either of the two required factors for successive petitions set forth in R.C. 2953.23(A)(1).

{¶11} Appellant then appealed, raising the following assignments of error on appeal:

{¶12} I. THE TRIAL COURT ERRORED (SIC) AND ABUSED IT'S (SIC) DISCREATION (SIC) IN DENYING THE POSTCONVICTION PETITION AS BEING SUCCESSIVE MOTIONS FOR POSTCONVICTION RELIEF, AND FAILED TO SERVE PROPER NOTICE: CIVIL RULE 58(B).

{¶13} II. THE TRIAL COURT ERRED AND ABUSED IT'S (SIC) DISCREATION (SIC) WHEN IT DENIED THE POSTCONVICTION RELIEF PETITION WITHOUT THE FINDINGS OF FACTS AND CONCLUSIONS OF LAW AS REQUIRED BY O.R.C. 2953.21.

{¶14} Pursuant to an Opinion filed on May 9, 2016 in *State v. Staats*, 5th Dist. Stark No. 2015CA00207, 2016-Ohio-2921, this Court affirmed the judgment of the trial court. This Court specifically found that the trial court's September 24, 2015 Judgment Entry constituted findings of fact and conclusions of law and that although appellant was

not properly served with the same, he was not prejudiced because this Court permitted his appeal to proceed as if timely.

{¶15} In the meantime, appellant, on November 25, 2015, had filed a "Motion for Proper 'Notice of Judgment Entry(s) and Request for Findings of Fact and Conclusions of Law 2953.21(G)." Appellant, on December 17, 2015, had also filed a "Motion to Amend Postconviction Relief Petition to Vacate or Set Aside Judgment of Conviction or Sentence 2953.21" and a "Motion for Proper Service of Notice."

{¶16} The trial court, as memorialized in a Judgment Entry filed on March 9, 2016, reaffirmed its Judgment Entry filed on September 24, 2015 denying appellant's Motion for Post-Conviction Relief. The trial court found that its September 24, 2015 Judgment Entry contained findings of fact and conclusions of law and that appellant's arguments could have been raised on direct appeal and were barred by the doctrine of res judicata.

{¶17} Appellant now appeals from the trial court's March 9, 2016 Judgment Entry raising the following assignment of error on appeal:

{¶18} I. THE TRIAL COURT ERRED AND ABUSED IT'S (SIC) DESCREATION (SIC) WHEN IT DENIED STAATS' POSTCONVICTION RELIEF WITHOUT A HEARING WHEN STAATS PRESENTED SUBSTANTIVE GROUNDS FOR RELIEF PERTAINING TO HIS BRADY CLAIMS.

{¶19} II. TRIAL COURT ERRED AND ABUSED IT'S (SIC) DESCREATION (SIC) WHEN IT DENIED STAATS' POSTCONVICTION RELIEF WITHOUT A HEARING WHEN STAATS PRESENTED SUBSTANTIVE GROUNDS FOR RELIEF PURSUANT TO STAATS' INEFFECTIVE ASSISTANCE OF COURT APPOINTED COUNSEL.

I, II

{¶20} Appellant, in his two assignments of error, argues that the trial court erred in denying his Petition for Post-Conviction Relief without a hearing. Appellant contends that he presented substantive grounds for relief with respect to his ineffective assistance and *Brady* violation claims.

{¶21} However, the issues appellant raises in this appeal either were or could have been raised on direct appeal or one of his previous appeals and are therefore barred under the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶22} Appellant's two assignments of error are, therefore, overruled.

{¶23} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Farmer, J. and

Gwin, J. concur.