[Cite as *State v. Beckley*, 2019-Ohio-3122.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                        Court of Appeals No. S-18-048

       Appellee                                    Trial Court No. 18 CR 640

v.

Jacob E. Beckley                                **DECISION AND JUDGMENT**

       Appellant                                   Decided:   August 2, 2019

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

James H. Ellis, III, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant, Jacob E. Beckley, appeals the November 20, 2018 judgment of

the Sandusky County Court of Common Pleas, sentencing him to 18 months in prison

following his conviction for two drug-related offenses. For the reasons that follow, we

affirm the trial court's judgment.

## I. Background

{¶ 2} On June 15, 2018, Jacob E. Beckley was indicted on one count of aggravated possession of drugs, a violation of R.C. 2925.11(A)(C)(1)(A); one count of tampering with evidence, a violation of R.C. 2921.12(A)(1); and one count of aggravated trafficking in drugs, a violation of R.C. 2925.03(A)(1)(C)(1)(A). The charges in Counts 1 and 2 arose from appellant's possession of, and attempt to conceal, methamphetamine during his September 11, 2017 arrest on an outstanding warrant for unrelated charges. The charges in Count 3 arose from appellant's October 30, 2017 sale of methamphetamine to a confidential informant.

{¶ 3} On September 24, 2018, appellant entered a plea of guilty to aggravated possession of drugs (Count 1) and aggravated drug trafficking (Count 3). At his November 20, 2018 sentencing, the trial court sentenced appellant to 12 months in prison on Count 1 and 18 months in prison on Count 3. The sentences were ordered to run concurrently. Count 2 was dismissed and is not relevant to this appeal. The trial court memorialized its sentence in a November 20, 2018 entry from which appellant timely appealed and assigns a single error for our review:

> The trial court erred by failing to comply with applicable statutes in sentencing the appellant.

## II. Law and Analysis

{¶ 4} Appellant challenges the trial court's judgment based on its alleged failure to consider the purpose of felony sentencing set forth in R.C. 2929.11 and its alleged failure to consider the seriousness and recidivism factors established in R.C. 2929.12 in

2.

determining appellant's sentence. We review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may increase, modify, or vacate and remand a judgment only if we clearly and convincingly find either of the following: "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 7, citing R.C. 2953.08(G)(2). Appellant's arguments suggest the trial court's judgment was contrary to law and therefore subject to our review under R.C. 2953.08(G)(2)(b). Appellant identifies three separate grounds on which he alleges his sentence was contrary to law:

1. The trial court failed to consider the purposes of felony sentencing in accordance with R.C. 2929.11;

2. The trial court failed to consider the aggravating and recidivism factors established in R.C. 2929.12 prior to imposing sentence; and

3. The trial court failed to identify factual findings supporting imposing the maximum sentence for his violations.

{¶ 5} Appellant's first two arguments focus solely on the trial court's alleged failure to consider R.C. 2929.11 and 2929.12 in determining the appropriate sentence. A sentence is indeed contrary to law if the trial court, when determining the appropriate sentence, fails to consider the purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. *State v. Williams*, 6th

3.

Dist. Lucas No. L-13-1083, 2014-Ohio-3624, ¶ 8.  Therefore, if the trial court satisfied its obligation to consider these factors prior to imposing sentence, appellant's arguments fail.  We find that the trial court satisfied this obligation and appellant's sentence is not contrary to law.

{¶ 6} The trial court did not specifically invoke R.C. 2929.11 or 2929.12 at the sentencing hearing or in its subsequent entry.  Throughout the sentencing hearing, however, the trial court's statements indicated its consideration of these factors.  The trial court noted the need to sentence appellant to prison to avoid a sentence which was demeaning to the seriousness of appellant's conduct as described in R.C. 2929.11 and its consideration of his prior criminal history and drug abuse as described in R.C. 2929.12.

{¶ 7} We note that the trial court is "not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the offender.  Indeed, no specific recitation is required."  *State v. Brimacombe*, 195 Ohio App.3d 524, 528, 2011-Ohio-5032, 960 N.E.2d 1042 (6th Dist.), citing *State v. Arnett,* 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).  Even when the record is silent as to the trial court's consideration of these factors, "it is presumed that the trial court gave proper consideration to R.C. 2929.11 and 2929.12[.]"  *Yeager* at ¶ 13, citing *State v. Sims,* 6th Dist. Sandusky No. S-13-037, 2014-Ohio-3515, ¶ 10.

{¶ 8} We recently reaffirmed the application of this presumption in scenarios where the trial court fails to invoke R.C. 2929.11 and 2929.12 at either the sentencing hearing or in the subsequent sentencing entry, as is the case here.  *State v. Perkins,* 6th Dist. Sandusky No. S-18-010, 2019-Ohio-2049, ¶ 22, citing *State v. Seele*, 6th Dist.

4.

Sansusky No. S-13-025, 2014-Ohio-1455, ¶ 19.  The burden is on appellant to rebut this presumption.  *Yeager* at ¶ 13*, citing *State v. Smith*, 6th Dist. Sandusky No. S-14-037, 2015-Ohio-1867, ¶ 11.  As noted in the statute, appellant must identify clear and convincing evidence to rebut the presumption.  *See Williams* at ¶ 7, 9, 11, R.C. 2953.08(G)(2).  Appellant fails to satisfy this burden.

{¶ 9} First, while the trial court does not identify R.C. 2929.11 and 2929.12 by name as having been considered at either the sentencing hearing or in its judgment entry, the trial court stated the rationale for the sentence it imposed.  The trial court noted its review of the presentencing investigation report, appellant's child support status, his criminal history including two prison sentences, and his lengthy history of drug use up to and including the use of methamphetamine two days prior to his presentence investigation interview.  This review culminated in the trial court's informing appellant he "had 35 opportunities to turn it around, and you haven't done it yet, so I would consider it demeaning to the offense and to justice in Sandusky County if you were not sentenced to prison.  * * * [The] Court finds that you would not be amenable to community control."  With that, the court imposed a sentence of 18 months in prison.

{¶ 10} In an effort to show this conclusion was in error, appellant identifies various reasons why he believes the trial court did not properly consider the factors established in R.C. 2929.11 and 2929.12.  As to R.C. 2929.11, appellant argues that the trial court's sentencing entry "merely" identifies the prior prison sentences and its finding appellant was not subject to community control as the bases for imposing a prison term.  Notwithstanding the fact that the trial court's determination appellant was not amenable

5.

to community control actually suggests it at least considered a lesser sanction, appellant's argument ignores the trial court's explicit finding at the sentencing hearing that any lesser sentence would have been "demeaning to the offense and to justice in Sandusky County[.]" Therefore it is evident the trial court did more than "merely" rely on appellant's prior prison term in imposing his sentence. We find that the trial court properly considered the purposes of felony sentencing established in R.C. 2929.11 in imposing appellant's 18-month prison sentence.

{¶ 11} Appellant next argues that the trial court failed to consider the seriousness and recidivism factors established in R.C. 2929.12 prior to imposing sentence. Again, appellant bears the burden of identifying clear and convincing evidence the sentence imposed was contrary to law. In an attempt to satisfy this burden, appellant argues the crimes for which he was convicted did not cause physical harm to any person or property and that he has shown genuine remorse by acknowledging his drug addiction, both of which are factors under R.C. 2929.12 which weigh in appellant's favor. However, what appellant does not show is any clear and convincing evidence, or indeed any evidence at all, that the trial court failed to consider these factors. Appellant presented this information directly to the trial court at his sentencing hearing. Nevertheless, after hearing these arguments from appellant, the trial court imposed the 18-month prison sentence. In doing so, the trial court noted its consideration of the presentence investigation report and appellant's prior criminal history and drug abuse, factors which weigh against appellant's request for a lesser sentence.

6.

{¶ 12} Appellant's argument is essentially that because the factors weighing in his favor did not result in his desired lesser sentence, the trial court failed to consider them. The trial court determines the weight afforded to any particular statutory factors when imposing a felony sentence. *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. The trial court was not required to provide any recitation as to how it weighed these factors. *Brinacombe* at 528. Not achieving the desired result does not mean the factors were not considered and weighed by the trial court. Appellant identifies no evidence to support his contention and fails to satisfy his burden as established in R.C. 2953.08(G). *Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, at ¶ 7.

{¶ 13} Lastly, appellant argues that the trial court's failure to identify any criteria to justify imposing the maximum sentence renders the sentence contrary to law. This argument is without merit. Trial courts are not required to make specific findings when imposing a maximum sentence. *See State v. Jones*, 6th Dist. Lucas No. L-16-1014, 2017-Ohio-413, ¶ 13, citing *State v. Foster,* 109 Ohio St.3d 1, 21, 2006-Ohio-856, 845 N.E.2d 470. Therefore, if the sentence falls within the statutory range for the particular degree of offense, it is not contrary to law. *See State v. Williams,* 6th Dist. Lucas No. L-13-1083, 2014-Ohio-3624, ¶ 8. Appellant makes no argument the sentence was outside the permissible statutory range but concedes he was sentenced to the maximum permissible sentence for his violations. As a result, the trial court's failure to identify specific criteria on which it determined the maximum sentence was appropriate does not render appellant's sentence contrary to law.

7.

**{¶ 14}** When imposing appellant's 18-month prison sentence, the trial court considered all necessary factors established in R.C. 2929.11 and 2929.12. Further, the trial court was not required to make specific findings with regard to its imposing the maximum sentence following appellant's convictions. Appellant failed to identify any clear and convincing evidence suggesting the sentence imposed was contrary to law. Therefore, appellant's arguments in support of this appeal fail and his assignment of error is found not well-taken.

### III. Conclusion

**{¶ 15}** We find appellant's assignment of error not well-taken. We therefore affirm the November 20, 2018 judgment of the Sandusky County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                              _____
                                                              JUDGE
Christine E. Mayle, P.J.

Gene A. Zmuda, J.                              _____
CONCUR.                                                    JUDGE


                                               _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.