[Cite as *State v. Hunt*, 2021-Ohio-528.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2020 AP 09 0019 |
| KOLT HUNT | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Tuscarawas
County Court of Common Pleas, Case No.
2018CR070234

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      February 24, 2021

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

ROBERT C. URBAN, JR.      KOLT HUNT PRO SE
Assistant Prosecuting Attorney      #A759551
125 East High Street      Belmont Correctional Institute
New Philadelphia, OH 44663      68158 Bannock Road
      St. Clairsville, OH 43950

*Gwin, P.J.*

{¶1} Appellant Kolt L. Hunt appeals the August 20, 2020 judgment entry of the Tuscarawas County Court of Common Pleas denying his petition for post-conviction relief. Appellee is the state of Ohio.

*Facts & Procedural History*

{¶2} In 2019, appellant was found guilty by a jury of two counts of child endangering, one violation of R.C. 2919.22(B)(1) and (E)(2)(d), a felony of the second degree, and one violation of R.C. 2919.22(A) and (E)(2)(c), a felony of the third degree. Appellant appealed his convictions and sentence to this Court, arguing: his convictions were against the manifest weight of the evidence; his convictions were based upon insufficient evidence; ineffectiveness of trial counsel for failing to object to Dr. Benton's testimony regarding the pain the child would have experienced during and after appellant beat him; and prosecutorial misconduct, amounting to the denial of due process. In *State v. Hunt*, 5th Dist. Tuscarawas No. 2019 AP 07 0023, 2020-Ohio-1124, this Court overruled appellant's assignments of error and affirmed appellant's convictions and sentence. Appellant filed an application for reconsideration. This Court denied his application for reconsideration on January 6, 2021.

{¶3} On August 3, 2020, appellant filed a petition to vacate or set aside conviction and sentence, arguing he was denied due process of law, denied effective assistance of counsel, and subject to cruel and unusual punishment. Appellee filed an objection to the petition on August 10, 2020.

{¶4} On August 20, 2020, the trial court issued a judgment entry denying the petition. The trial court stated it, "reviewed the petition of the Defendant and the

objections set forth by the State of Ohio."  Further, the trial court found, "that the petition to vacate or set aside judgment of conviction or sentence is not well taken and should be denied."

{¶5}    Appellant appeals the August 20, 2020 judgment entry of the Tuscarawas County Court of Common Pleas and assigns the following as error:

{¶6}    "I. THE TRIAL COURT ERRED IN DENYING PETITIONER HUNT AN EVIDENTIARY HEARING IN REGARD TO HIS PETITION FOR POST-CONVICTION RELIEF.

{¶7}    "II. THE TRIAL COURT ERRED IN ISSUING INADEQUATE AND ERRONEOUS FINDINGS OF FACT AND CONCLUSIONS OF LAW IN REGARD TO PETITIONER HUNT'S PETITION FOR POST-CONVICTION RELIEF."

II.

{¶8}    We first address appellant's second assignment of error because it is dispositive of appellant's appeal.  Appellant argues in his second assignment of error that the trial court erred in denying his petition for post-conviction relief without making findings of fact and conclusions of law as required by R.C. 2953.21.  We agree.

{¶9}    R.C. 2953.21(H) states, "if the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition."  If a court fails to do so, the decision is subject to reversal on appeal.  *State v. Reese*, 5th Dist. Muskingum No. CT2017-0017, 2017-Ohio-4263; *State ex rel. Penland v. Dinkelacker*, -- N.E.3d ----, 2020-Ohio-3774.

{¶10}   The findings of fact and conclusions of law should be explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and

enable it to determine the grounds on which the trial court reached its decision. *State v. Jacks*, 5th Dist. Licking No. 99 CA 113, 2000 WL 329740 (Feb. 29, 2000), citing *State v. Lester*, 41 Ohio St.2d 51, 322 N.E.2d 656 (1975). The purpose of requiring the trial court to include findings of fact and conclusions of law in its judgment entry is to sufficiently apprise both the petitioner and the potential appellate court of the grounds for its decision. *State v. Staats*, 5th Dist. Stark No. 2015CA00207, 2016-Ohio-2921.

{¶11} The Supreme Court has held that a trial court "need not issue findings of fact and conclusions of law when it dismisses an untimely [post-conviction-relief] petition." *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155. If a petition for post-conviction relief is untimely, the trial court had no clear duty to issue findings of fact or conclusions of law. *Dillon v. Cottrill*, 5th Dist. Muskingum No. CT2014-0053, 2015-Ohio-1785. Further, a trial court "has no duty to issue findings of fact and conclusions of law on successive * * * petitions for post-conviction relief." *State ex rel. George v. Burnside,* 118 Ohio St.3d 406, 2008-Ohio-2702, 889 N.E.2d 533.

{¶12} This is the first post-conviction petition appellant filed and is therefore not a successive petition. Appellee contends the trial court was not required to issue findings of fact and conclusions of law because appellant's petition was not timely filed. Appellant filed a direct appeal of his sentencing entry. Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 365 days after the date on which the trial transcript is filed with the court of appeals in the direct appeal of the judgment of conviction. In this case, the transcript in appellant's direct appeal was filed on July 30, 2019. Thus, pursuant to R.C. 2953.21(A)(2), appellant's petition had to be filed by July 29, 2020. Appellant filed his petition on August 3, 2020.

{¶13} However, on March 9, 2020, the Governor of the State of Ohio issued Executive Order 2020-01D and declared a state of emergency in Ohio in response to COVID-19. On March 27, 2020, the Governor of Ohio signed into law Am.Sub.H.B. No. 197, which immediately tolled, retroactively to March 9, 2020, all statutorily established statutes of limitations, time limitations, and deadlines in the Ohio Revised Code and Administrative Code until July 30, 2020. *In re Tolling of Time Requirements Imposed by Rules Promulgated by Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166, 141 N.E.3d 974. The Ohio Supreme Court determined that this tolling order applied to all filing deadlines within the applicable period. *Id.* The deadline for appellant's petition in this case fell within the emergency period. Because the deadline fells within the emergency period, it is tolled effective March 9, 2020. 223 days had already passed before the deadline was tolled. Once the emergency period ended, appellant had 142 days left after July 30, 2020, to file his petition. Accordingly, appellant's petition was timely.

{¶14} Appellee also contends appellant failed to submit substantive grounds for relief and that his claims are barred by res judicata. However, this analysis is relevant to whether appellant is entitled to an evidentiary hearing, not to a determination of whether findings of fact and conclusions of law in the trial court's judgment entry are sufficient to apprise the petitioner and this Court of the grounds for its decision. *State v. Atkinson*, 5th Dist. Muskingum No. CT2019-0055, 2019-Ohio-3122; R.C. 2953.21(D); R.C. 2953.21(H).

{¶15} In this case, the trial court did not make any findings of fact and conclusions of law, and denied the petition for post-conviction relief without stating its reasons for denying the petition. We therefore sustain appellant's second assignment of error and

reverse and remand this matter to the trial court to make findings of fact and conclusions of law.  We will not address appellant's first assignment of error, as it is moot based upon our disposition of appellant's second assignment of error.   Further, appellant filed a motion on January 20, 2021 regarding leave to file additional pages to his brief and leave to add an additional assignment of error to his brief.  We also find this motion moot based upon our disposition of appellant's second assignment of error.

{¶16} Based on the foregoing, the August 20, 2020 judgment entry of the Tuscarawas County Court of Common Pleas is reversed and remanded to the trial court for proceedings consistent with this opinion.

By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J, concur