[Cite as *State v. Myers*, 2018-Ohio-1871.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                         Court of Appeals No. WD-17-063

    Appellee                                     Trial Court No. 2013CR0141

v.

Craig R. Myers                                  **DECISION AND JUDGMENT**

    Appellant                                   Decided:  May 11, 2018

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Craig R. Myers, pro se.

* * * * *

**JENSEN, J.**

{¶ 1} In this accelerated appeal, appellant, Craig Myers, appeals the judgment of

the Wood County Court of Common Pleas, denying his "motion to vacate sentence and

judgment." This judgment entry is not an opinion of the court. *See* S.Ct.R.Rep.Op. 2; App.R. 11.1(E); 6th Dist.Loc.App.R. 12.

**{¶ 2}** On appeal, appellant assigns the following errors for our review:

FIRST ASSIGNMENT OF ERROR: The Trial Court abused [its] discretion, by stating that a Trial Court, State Prosecutor, as well as State Appellate [Courts], do not have to honor the Legislative Intent of the Retaliation statute, that was set forth by the Legislative Body in House Bill 88.

SECOND ASSIGNMENT OF ERROR: The State Prosecution, committed Plain Error in obtaining an indictment for the criminal offense of Retaliation R.C. 2921.05(A) prior to the judicial decision in the underlying offense(s) for the case of ***State v. Myers***, 2011 CR 364. Appellant Myers, was deprived of his rights to a Grand Jury indictment, to due process and a fair trial pursuant to Art. I, Section 10 of the Ohio Constitution and the Fifth and Fourteenth Amendment to the United States Constitution when the indictment failed to include all the essential elements of the offense charged and the jury was never instructed on the rendering of the underlying offense(s) in a judicial decision. The misconduct of the Prosecutor so tainted the trial with unfairness that Appellant Myers, was denied due process, and a fair trial in violation of the Fifth and Fourteenth Amendment to the United States Constitution, and article I Section X of the Ohio Constitution.

2.

THIRD ASSIGNMENT OF ERROR: Plain Error pursuant to Crim.R. 52(B) can occur within improper instructions to a grand jury, and or trial court jury.

FOURTH ASSIGNMENT OF ERROR: The Court of Appeals of Ohio, Sixth Appellate District for Wood County, committed Plain Error pursuant to Crim.R. 52(B) in upholding Appellant Myers' conviction.

{¶ 3} We will address appellant's assignments of error out of order. In his fourth assignment of error, appellant takes issue with our decision in *State v. Myers*, 6th Dist. Wood No. WD-15-017, 2016-Ohio-223, in which we affirmed appellant's conviction for retaliation. Our decision was subsequently appealed to the Ohio Supreme Court, which denied discretionary review. *State v. Myers*, 146 Ohio St.3d 1414, 2016-Ohio-3390, 51 N.E.3d 659. Appellant now argues that our decision in *Myers* was inconsistent with a 2011 decision we issued. This argument is clearly barred by res judicata as it could have been raised in an appeal to the Ohio Supreme Court or in a motion for reconsideration with this court. Consequently, appellant's fourth assignment of error is not well-taken.

{¶ 4} In his first three assignments of error, appellant challenges the trial court's denial of his motion to vacate his sentence. Since these assignments of error are interrelated, we will address them simultaneously.

{¶ 5} A basic review of the procedural facts of this case will suffice to address appellant's first three assignments of error. On September 29, 2017, appellant filed a notice of appeal with this court, in which he appealed from the trial court's February 6,

3.

2015 judgment entry of conviction following a jury trial where he was found guilty of retaliation in violation of R.C. 2921.05(A)(C) and sentenced to 30 months in prison. Approximately three weeks later, appellant filed his motion to vacate his sentence with the trial court. The trial court denied appellant's motion to vacate on November 29, 2017. On December 4, 2017, we issued our decision denying appellant's motion for leave to file a delayed appeal. Appellant has since filed a notice of appeal with the Ohio Supreme Court, which remains pending.

{¶ 6} "Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." (Internal citations omitted.) *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9.

{¶ 7} Here, we find that the trial court lacked jurisdiction to consider appellant's motion to vacate his sentence. Had the trial court granted appellant's motion, we would have been unable to reverse, modify, or affirm the judgment entry of conviction in the appeal that was pending before this court. *See State v. Rogers*, 8th Dist. Cuyahoga No. 101063, 2014-Ohio-3924, ¶ 6 (finding that trial court lacked jurisdiction to consider motion to vacate during the pendency of an appeal because such consideration would interfere with the appellate court's jurisdiction). Because the trial court acted without jurisdiction, the denial of appellant's motion to vacate was a nullity. We lack jurisdiction to hear this appeal and we therefore dismiss the appeal.

4.

**{¶ 8}** Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                            JUDGE
Thomas J. Osowik, J.

James D. Jensen, J.            _____
CONCUR.                                          JUDGE

_____
                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.