[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Wood Cty. Bar Assn. v. Driftmyer,* Slip Opinion No. 2018-Ohio-5094.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-5094

WOOD COUNTY BAR ASSOCIATION *v.* DRIFTMYER.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Wood Cty. Bar Assn. v. Driftmyer,* Slip Opinion No. 2018-Ohio-5094.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to act with reasonable diligence in representing a client, failing to inform a client that the lawyer does not maintain professional-liability insurance, and failing to respond to a demand for information from a disciplinary authority—Six-month suspension stayed on conditions.*

(No. 2018-0811—Submitted July 18, 2018—Decided December 20, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-012.

_____

**Per Curiam.**

{¶ 1} Respondent, Sarah Ann Miller Driftmyer, of Toledo, Ohio, Attorney Registration No. 0089222, was admitted to the practice of law in Ohio in 2012.

**{¶ 2}** In a March 2017 complaint, relator, Wood County Bar Association, charged Driftmyer with ethical misconduct related to the neglect of a single client's criminal matter. Relator alleged that Driftmyer failed to provide competent representation to the client, act with reasonable diligence, notify the client that she did not carry professional-liability insurance, deposit the client's unearned fee into a client trust account, retain a copy of the executed fee contract, and cooperate in the ensuing disciplinary investigation. The parties submitted stipulated exhibits, agreed that Driftmyer committed all but one of the alleged rule violations, and suggested that Driftmyer should be suspended from the practice of law for six months, all stayed on conditions.

**{¶ 3}** After conducting a hearing, a panel of the Board of Professional Conduct made findings of fact and adopted the parties' stipulations of misconduct, aggravating and mitigating factors, and their recommended sanction. The panel also unanimously dismissed an alleged violation of Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client) noting that the parties did not stipulate to that violation. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction with one additional condition—that Driftmyer serve a one-year term of monitored probation. No objections have been filed.

**{¶ 4}** Based on our independent review of the record, we adopt the board's findings of misconduct and agree that a six-month suspension stayed in its entirety on the conditions recommended by the board is the appropriate sanction in this case.

**Misconduct**

**{¶ 5}** Driftmyer began working at the Lucas County Public Defender's Office as a student extern in May 2010. She continued to serve as a certified intern during her final year of law school and remained as a paid intern and contract attorney following her graduation. She accepted a full-time position with the office in early 2014 and held that position until she resigned in April 2016. During her

employment with the public defender's office, Driftmyer also maintained a private legal practice.

{¶ 6} In December 2014, Ronald Jason Doogs retained Driftmyer to defend him against criminal charges that included rape. He paid the agreed fee of $5,000 in two installments and gave Driftmyer an additional $3,200 to pay for a private investigator. The case proceeded to a jury trial. Following his conviction, Doogs filed a grievance against Driftmyer alleging that she provided ineffective assistance of counsel.

{¶ 7} During Driftmyer's disciplinary hearing, Doogs testified by videoconference from prison and complained that she did not adequately prepare for his trial. He stated that he met with Driftmyer on eight to ten occasions and had one significant telephone conversation regarding her communications with the prosecutor before trial. And although he gave her $3,200 to hire a private investigator, Doogs testified that she never retained one. Doogs also reported that Driftmyer interviewed his witnesses at his parents' home for about an hour "months and months before the trial," but that she never met with them again. Moreover, she waited until 4:00 or 4:30 p.m. the day before trial to subpoena Doogs's witnesses—and she had Doogs serve them himself.

{¶ 8} As part of Doogs's grievance, he submitted an affidavit that Driftmyer had executed in support of his petition for postconviction relief. It was not dated, but Driftmyer testified that she signed it in March 2016.

{¶ 9} In that affidavit, Driftmyer stated that she had never tried a rape case to a jury before accepting Doogs's case. In her affidavit and testimony before the panel, she also admitted that she was not adequately prepared to defend him and gave numerous examples to demonstrate the deficiencies in her representation. For example, Driftmyer acknowledged that she did not present any rebuttal evidence at a pretrial hearing regarding the admissibility of statements made by a deceased declarant because she was not aware that she would have the opportunity to do so.

She also admitted that she waited until five days before trial to mail subpoenas to the Wood County Sheriff's Department with instructions to personally serve them on her witnesses. And she failed to subpoena several police officers and children-services investigators who purportedly made inconsistent statements about the case because she expected the state to call them as witnesses. In her affidavit, Driftmyer acknowledged that her failure to disclose crucial witnesses to the state resulted in the exclusion of testimony from key witnesses. And she admitted that she did not prepare any of her witnesses for trial—including Doogs, who testified in his own defense.

{¶ 10} Driftmyer averred that just two weeks before Doogs's trial, she employed another attorney for the limited purpose of objecting to evidence at trial. But even with that assistance, Driftmyer admitted that she failed to effectively cross-examine and impeach the state's witnesses. She also averred that she was so intimidated by the prosecutor's continuous objections that she forgot to question her own witnesses about important facts, and that ultimately, her lack of preparation resulted in the failure to present valid defenses to the charges against her client.

{¶ 11} In addition to the facts set forth in her March 2016 affidavit, Driftmyer admitted that she did not maintain professional-liability insurance or notify Doogs of that fact in a separate writing. Although she testified that she entered into a written fee agreement with Doogs, she has failed to produce a signed copy of that agreement. She also stipulated that she did not deposit $2,500 of his fee into her client trust account and hold it there until the fee was earned. Driftmyer confirmed that she did not respond to relator's first letter of inquiry and failed to provide requested information regarding her client trust account. In her testimony before the panel, she explained that she was nonresponsive because she had been focused on refuting jailhouse rumors that she had been paid in drugs and was smuggling contraband into the county jail.

**{¶ 12}** The parties stipulated and the board found that Driftmyer's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional-liability insurance and obtain a signed acknowledgment of that notice from the client), 1.15(a) (requiring a lawyer to hold the property of clients in an interest bearing client trust account, separate from the lawyer's own property), 1.15(a)(1) (requiring a lawyer to maintain a copy of any fee agreement with each client), and 8.1(b) (prohibiting a lawyer from failing to disclose a material fact or from knowingly failing to respond in response to a demand for information from a disciplinary authority). We accept these findings of fact and misconduct.

### Sanction

**{¶ 13}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases. However, because each disciplinary case is unique, we are not limited to these specific factors and may take all relevant factors into account when determining which sanction to impose in any particular case. *Columbus Bar Assn. v. Watson*, 144 Ohio St.3d 317, 2015-Ohio-4613, 42 N.E.3d 752, ¶ 7.

**{¶ 14}** As aggravating factors, the parties stipulated and the board found that Driftmyer committed multiple offenses and demonstrated a lack of cooperation in the disciplinary process. *See* Gov.Bar R. V(13)(B)(4) and (5). Mitigating factors include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, and evidence of Driftmyer's good character and reputation. *See* Gov.Bar R. V(13)(C)(1), (2), and (5).

**{¶ 15}** One of Driftmyer's character references was an attorney with 28 years of criminal-defense experience who began serving as her mentor

approximately 18 months before her disciplinary hearing. He reported that he communicates with Driftmyer almost daily and meets with her about once a week to discuss issues that have included professionalism, punctuality, preparation, client control, time management, and the need to maintain a client trust account, professional-liability insurance, and a reliable support staff.

**{¶ 16}** The panel recommended that we adopt the parties' stipulated sanction of a six-month suspension, all stayed on the conditions that Driftmyer (1) submit to a substance-abuse and mental-health assessment conducted by the Ohio Lawyers Assistance Program ("OLAP") and comply with all treatment recommendations arising from that assessment, (2) establish and consistently utilize a client trust account, (3) acquire professional-liability insurance, or formulate and consistently utilize a separate form to notify her clients that she does not carry such insurance, (4) complete a minimum of 12 hours of continuing legal education ("CLE") in the area of criminal-trial practice and 6 hours of CLE in the area of law-practice management, and (5) engage in no further misconduct. The board recommends that we adopt that sanction with the additional condition that Driftmyer serve a one-year term of monitored probation pursuant to Gov.Bar R. V(21).

**{¶ 17}** In support of that recommendation, the board considered several cases in which we imposed six-month conditionally-stayed suspensions on attorneys whose misconduct was akin to that of Driftmyer.

**{¶ 18}** In *Dayton Bar Assn. v. Hooks*, 139 Ohio St.3d 462, 2014-Ohio-2596, 12 N.E.3d 1212, an attorney neglected a client's child-support and custody matter, failed to reasonably communicate with the client, and failed to cooperate in the ensuing disciplinary investigation. Although Hooks committed multiple offenses, we found that they related to just one client and that Hooks had no prior discipline, acted without a dishonest or selfish motive, and accepted responsibility for his misconduct. *Id.* at ¶ 12. He also explained that at the time of his misconduct, he

6

was working at a new firm with no support staff and was dealing with personal issues. *Id.* at ¶ 13. We suspended Hooks from the practice of law for six months, but stayed the entire suspension on conditions that he complete 12 hours of CLE in law-office management, submit to an evaluation by OLAP and comply with any treatment recommendations, and complete a one-year mentoring program. *Id.* at ¶ 18.

**{¶ 19}** In *Mahoning Cty. Bar Assn. v. Malvasi*, 143 Ohio St.3d 140, 2015-Ohio-2361, 34 N.E.3d 916, the attorney neglected a single client's civil matter over an 11-month period, failed to deposit the client's retainer into his trust account, failed to keep the client reasonably informed about the status of his matter, and failed to promptly comply with the client's reasonable requests for information. No aggravating factors were present. However, relevant mitigating factors included the absence of a dishonest or selfish motive, Malvasi's good-faith effort to make restitution and rectify the consequences of his misconduct, his cooperation with the disciplinary proceedings, and evidence of his good character and reputation. *Id*. at ¶ 6. We also noted that he had suffered from health problems and had primary responsibility for the care of his elderly mother. *Id.* We suspended Malvasi for six months, stayed on the condition that he commit no further misconduct, and we required him to serve a one-year term of monitored probation and attend a law-office-management seminar. *Id.* at ¶ 10.

**{¶ 20}** We also imposed a six-month stayed suspension in *Disciplinary Counsel v. Shuler*, 129 Ohio St.3d 509, 2011-Ohio-4198, 954 N.E.2d 593, for an attorney's neglect of civil matters on behalf of two clients, failure to reasonably communicate with the affected clients, and failure to cooperate in the ensuing disciplinary investigations. *Id*. at ¶ 4-10. Shuler had no prior disciplinary record and did not act with a dishonest or selfish motive. He also presented evidence of his good character and established that his diagnosed depression contributed to the misconduct. *Id*. at ¶ 11. On those facts, we suspended him for six months with the

entire suspension stayed on the conditions that he successfully complete a three-year OLAP contract and commit no further misconduct. *Id*. at ¶ 14.

{¶ 21} Here, the record clearly and convincingly demonstrates that Driftmyer failed to diligently represent a single client, and that she did not possess the requisite organizational skills to maintain and utilize a client trust account, inform her clients that she did not carry malpractice insurance, or timely respond to relator's initial letter of inquiry. But it also shows that Driftmyer quickly and candidly admitted many of those deficiencies to support Doogs's petition for postconviction relief and sought an experienced mentor to advise her going forward. Based on these facts and the record before us, we agree that a six-month suspension, all stayed on the conditions recommended by the board, is the appropriate sanction in this case.

{¶ 22} Accordingly, Sarah Ann Miller Driftmyer is suspended from the practice of law in Ohio for six months, with the entire suspension stayed on the conditions that she (1) submit to a substance-abuse and mental-health assessment conducted by OLAP and comply with all treatment recommendations arising from that assessment, (2) establish and consistently utilize a client trust account, (3) acquire professional-liability insurance, or formulate and consistently utilize a separate form to notify her clients that she does not carry such insurance, as required by Prof.Cond.R. 1.4(c), (4) complete a minimum of 12 hours of CLE in the area of criminal-trial practice and 6 hours of CLE in the area of law-office management, (5) engage in no further misconduct, and (6) serve a one-year term of monitored probation pursuant to Gov.Bar R. V(21). If Driftmyer fails to comply with the conditions of the stay, the stay will be lifted, and she will serve the entire six-month suspension. Costs are taxed to Driftmyer.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

KENNEDY, J., would not order respondent to submit to an evaluation by the Ohio Lawyers Assistance Program, but otherwise joins the opinion and sanction imposed.

_____

Stearns & Hammer, and James A. Hammer; and Thomas E. Teet, Bar Counsel, for relator.

Mitchell Law, L.L.C., and Richard A. Mitchell, for respondent.

_____