[Cite as *State v. Doogs*, 2019-Ohio-4610.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                        Court of Appeals Nos. WD-19-046

    Appellee

                                          Trial Court No. 2013CR0316

v.

Ronald J. Doogs                                   **DECISION AND JUDGMENT**

    Appellant                                   Decided:  November 8, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Ronald J. Doogs, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This pro se accelerated appeal is before the court on defendant-appellant

Ronald J. Doogs' appeal of the June 11, 2019 judgment of the Wood County Court of

Common Pleas summarily denying his successive petition for postconviction relief. For the reasons that follow, we affirm.

{¶ 2} The relevant facts are follows. On November 4, 2015, following a jury trial convicting him of rape and gross sexual imposition, appellant was sentenced to a total of 12 years and 6 months of imprisonment. On March 22, 2016, while his direct appeal was pending, appellant filed a petition for postconviction relief arguing ineffective assistance of appellate counsel. The 200-page petition included an affidavit of appellant's trial counsel detailing her multitude of failings including the failure to call certain defense witnesses, failure to properly cross-examine witnesses, and failure to prepare witnesses for trial. It also included several affidavits of individuals indicating the testimony they would have presented on appellant's behalf had they been subpoenaed for trial.

{¶ 3} On April 21, 2016, the trial court denied the petition finding that much of the alleged omitted evidence and testimony was either not relevant or inadmissible. As to the missing furniture, which appellant argued discredited L.B.'s testimony that she saw appellant and the victim on the couch and bed, the court noted that the time frame varied as to the date of the rape as well as the removal of the furniture. The court noted that the police reports regarding missing items would not support appellant's arguments. The court ultimately concluded that appellant did not receive ineffective assistance of trial counsel and dismissed the petition.

{¶ 4} On July 21, 2017, this court affirmed appellant's conviction and sentence and the denial of his postconviction petition. *See State v. Doogs*, 6th Dist. Wood Nos. WD-15-073, WD-016-027, 2017-Ohio-6914. Rejecting the merits of the ineffective

2.

assistance of counsel claim and the postconviction petition, we found that even assuming that counsel was ineffective, appellant failed to demonstrate that but for any errors made by counsel, the result of the proceedings would have been different. *Id.* at ¶80, 88. We further found that the trial court did not abuse its discretion in denying the petition without conducting a hearing. *Id.* at ¶ 88.

{¶ 5} On May 28, 2019, appellant filed an untimely, successive petition for postconviction relief. Appellant claimed that he was unavoidably prevented from discovery of the facts in support of the petition because his trial attorney had been recently sanctioned for ethical violations relating to her representation of him. *See Wood Cty. Bar Assn. v. Driftmyer*, 155 Ohio St.3d 603, 2018-Ohio-5094, 122 N.E.3d 1262. Appellant argued that his attorney's sanction demonstrated that he was denied the effective assistance of counsel and he requested that an evidentiary hearing be held and that counsel be appointed to represent him. On June 11, 2019, without a hearing, the trial court summarily denied appellant's petition. This appeal followed.

{¶ 6} Appellant now raises four assignments of error for our review:

> Assignment of Error No. 1: The trial court committed prejudicial error in summarily dismissing the petition for postconviction relief as being successive and not filing written findings of facts and conclusions of law.

> Assignment of Error No. 2: The trial court committed prejudicial error in sua sponte granting the appellee a summary judgment in violation of appellant's due process right.

3.

Assignment of Error No. 3: It was prejudicial error and a denial of the appellant's absolute right to procedural due process of law for the trial court to summarily dismiss the petition without first ordering and conducting an evidentiary hearing in the case.

Assignment of Error No. 4: It was prejudicial error and a violation of the appellant's absolute right to procedural due process of law for the trial court not to grant relief in this case.

{¶ 7} Appellant's four assignments of error are related and will be jointly addressed. R.C. 2953.23 sets forth specific requirements to permit consideration of the May 28, 2019 motion as an untimely and successive petition for postconviction relief. R.C. 2953.23 provides that a trial court is forbidden from entertaining untimely or successive petitions for postconviction relief unless it meets two conditions. The petitioner must first show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner. Then, the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. R.C. 2953.23(A)(1); *State v. Brooks*, 6th Dist. Lucas Nos. L-12-1348, L-12-1349, 2014-Ohio-427, ¶ 12, citing *State v. Ayers*, 6th Dist. Erie No. E-07-072, 2009-Ohio-393, ¶ 15. In the case of a successive petition, the petition is barred by res judicata. *Brooks* at ¶ 14.

{¶ 8} Our review of a trial court's denial of a petition for postconviction relief is for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860

4.

N.E.2d 77, ¶ 58. Abuse of discretion connotes more than an error of law; it implies the trial court acted arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 9} Reviewing the record of the proceedings below, we find that the only discernable difference between appellant's initial petition and the one currently on review is the intervening discipline of appellant's trial counsel. In its decision, the Supreme Court of Ohio adopted the board's findings of misconduct which included failure to act with reasonable diligence in representing a client, failing to hold a client's property in an interest-bearing client account, requiring an attorney to maintain a copy of a fee agreement, and failure to respond to a demand for information from a disciplinary authority. *Driftmyer* at ¶ 12. The court referenced the stipulated dismissal of the alleged violation of Prof.Cond.R. 1.1, the requirement that a lawyer provide competent representation to a client. *Id.* at ¶ 3.

{¶ 10} Accordingly, we find that appellant has again failed to demonstrate that but for trial counsel's errors, a reasonable factfinder would not have found him guilty. On this basis, the trial court did not err in denying the untimely, successive petition without first conducting a hearing. *See State v. Unsworth*, 6th Dist. Lucas No. L-14-1238, 2015-Ohio-3197. ¶ 16; *State v. Sandoval*, 6th Dist. Sandusky Nos. S-13-032, S-13-034, 2014-Ohio-4972, ¶ 30-33.

{¶ 11} Based on the foregoing, we find that the trial court did not abuse its discretion when it denied appellant's untimely, successive petition or postconviction relief. Appellant's first, second, third, and fourth assignments of error are not well-taken.

5.

{¶ 12} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Wood County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.