[Cite as *State v. Doogs*, 2020-Ohio-1415.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

    Appellee

v.

Ronald J. Doogs

    Appellant

Court of Appeals No. WD-19-089

Trial Court No. 2013CR0316

**DECISION AND JUDGMENT**

Decided:  April 10, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Ronald J. Doogs, pro se.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

{¶ 1} In this pro se accelerated appeal, appellant, Ronald Doogs, appeals the judgment of the Wood County Court of Common Pleas, denying his "Motion to Vacate Void Conviction and Sentence."

## A. Facts and Procedural Background

{¶ 2} On November 4, 2015, appellant was sentenced to a total of 12 years and 6 months in prison after a jury found him guilty of rape and gross sexual imposition. Appellant appealed that conviction. While his appeal was pending, on March 22, 2016, appellant filed a petition for postconviction relief arguing ineffective assistance of appellate counsel. Appellant's postconviction petition was denied by the trial court on April 21, 2016, and we affirmed appellant's conviction and the denial of his postconviction petition on July 21, 2017, in *State v. Doogs*, 6th Dist. Wood Nos. WD-15-073, WD-016-027, 2017-Ohio-6914.

{¶ 3} On May 28, 2019, appellant filed an untimely, successive petition for postconviction relief. Appellant claimed that he was unavoidably prevented from discovery of the facts in support of the petition because his trial attorney had been recently sanctioned for ethical violations relating to her representation of him. *See Wood Cty. Bar Assn. v. Driftmyer*, 155 Ohio St.3d 603, 2018-Ohio-5094, 122 N.E.3d 1262. In that case, appellant argued that his attorney's sanction demonstrated that he was denied the effective assistance of counsel, and he requested that an evidentiary hearing be held and that counsel be appointed to represent him. The trial court summarily denied appellant's petition without a hearing on June 11, 2019. Appellant appealed the trial court's denial of his successive petition for postconviction relief. Ultimately, we affirmed the trial court's judgment on November 8, 2019. *State v. Doogs*, 6th Dist. Wood No. WD-19-046, 2019-Ohio-4610.

2.

**{¶ 4}** On October 23, 2019, while appellant's appeal was pending before this court, appellant filed a motion to vacate his conviction, arguing that the trial court lacked subject-matter jurisdiction to enter judgment because corpus delecti was never established. Appellant contended that "at no time did the State of Ohio adduce any evidence from the alleged victim or any other State witness that penetration of a vagina or anal cavity occurred in this case. As a result, no corpus delecti was even established."

**{¶ 5}** Five days after appellant's motion was filed, the trial court issued its order. In its order, the trial court noted appellant's pending appeal before this court, and found that it lacked jurisdiction to consider appellant's motion in light of the appeal. Consequently, the trial court found that appellant's motion was not well-taken and denied the motion. Appellant filed his timely notice of appeal from the trial court's order, and this matter was subsequently placed on our accelerated calendar on December 30, 2019.

## B. Assignments of Error

**{¶ 6}** On appeal, appellant asserts the following assignments of error for our review:

> Assignment of Error No. 1: It was plain error for the trial court to determine that it lacked jurisdiction to entertain the motion to vacate the void conviction or sentence.

> Assignment of Error No. 2: It was plain error for the trial court to grant the State of Ohio a summary judgment in violation of the appellant's

3.

absolute right to procedural due process of law under the Ohio and United States Constitution.

Assignment of Error No. 3: It was prejudicial error in violation of the appellant's due process rights for the trial court not to order and conduct an evidentiary hearing before entering judgment.

Assignment of Error No. 4: It was plain and prejudicial error for the trial court not to discharge the appellant from State custody where he showed that his conviction and sentence is void for the lack of the corpus delecti in violation of his substantive and procedural right to due process of law under the Ohio and United States Constitution.

{¶ 7} Because appellant's assignments of error are interrelated, we will address them simultaneously.

## II. Analysis

{¶ 8} In appellant's assignments of error, he argues that the trial court erred in summarily denying his motion to vacate. In response, the state contends that the trial court properly determined that it lacked jurisdiction to act on appellant's motion to vacate due to the appeal that was currently pending before this court in this case. Moreover, the state contends that the trial court's denial of appellant's motion was proper even if the trial court had jurisdiction to act, because the arguments raised in appellant's motion fail on the merits and are barred by res judicata, having previously been addressed by this court in appellant's prior appeals.

4.

{¶ 9} In evaluating the parties' arguments in this case, we are guided by the following principles. "Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." (Internal citations omitted.) *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9. Referencing the foregoing, we have observed that a trial court's grant of a motion to vacate while an appeal is pending in the case would interfere with the appellate court's ability to reverse, modify, or affirm the trial court's judgment entry of conviction in the pending appeal. *State v. Myers*, 6th Dist. Wood No. WD-17-063, 2018-Ohio-1871, ¶ 7, citing *State v. Rogers*, 8th Dist. Cuyahoga No. 101063, 2014-Ohio-3924, ¶ 6.

{¶ 10} In light of the foregoing principles, we agree with the trial court (and the state) that it lacked jurisdiction to act on appellant's motion to vacate his conviction. However, we find that the implications flowing from the determination that the trial court lacked jurisdiction prevented the court from granting *or denying* appellant's motion. In *Myers*, we found that the pendency of an appeal precludes the trial court from even considering a motion to vacate, and we held that the trial court's denial of a motion to vacate under those circumstances was a nullity.

{¶ 11} Similarly, the trial court in this case considered appellant's motion to vacate while an appeal in the case was pending before this court. As such, we find that the trial court's October 28, 2019 order denying appellant's motion to vacate was a

5.

nullity. Rather than deciding appellant's motion while his appeal was pending, the trial court should have held appellant's motion in abeyance until this court decided appellant's appeal. *Rogers* at ¶ 6.

{¶ 12} Because the trial court's order was a nullity, we lack jurisdiction to hear this appeal, and we therefore dismiss the appeal. *Myers* at ¶ 7.

### III.  Conclusion

{¶ 13} In light of the foregoing, this appeal is hereby dismissed.  The trial court is instructed to hold appellant's motion to vacate in abeyance until such time as any appeals pending before this court and the Supreme Court of Ohio are resolved.  Once the pending appeals are resolved, the trial court shall proceed to consideration of appellant's motion. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.
_____
JUDGE

Thomas J. Osowik, J.

Gene A. Zmuda, P.J.
_____
CONCUR.
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.