**[Cite as *State v. Doogs*, 2020-Ohio-5547.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                      Court of Appeals No. WD-20-046

　　　Appellee                                    Trial Court No. 2013CR0316

v.

Ronald J. Doogs                                  **DECISION AND JUDGMENT**

　　　Appellant                                   Decided:  December 4, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Ronald J. Doogs, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} In this accelerated appeal, appellant, Ronald J. Doogs, appeals from the

June 10, 2020 judgment of the Wood County Court of Common Pleas denying his motion

to vacate his conviction and sentence on the ground that the issues raised were barred by

the doctrine of res judicata. For the reasons which follow, we affirm, but on different grounds.

{¶ 2} Appellant was convicted by a jury in 2015 and his conviction and sentence were affirmed on appeal. *State v. Doogs*, 6th Dist. Wood Nos. WD-15-073, WD-16-027, 2017-Ohio-6914, ¶ 95. While the appeal was pending, appellant also filed for postconviction relief asserting ineffective assistance of counsel. His petition was denied without a hearing and the trial court's judgment denying relief was consolidated with the direct appeal and affirmed on appeal. *Id*. at ¶ 88. The Ohio Supreme Court did not accept the appeal for review. *State v. Doogs*, 157 Ohio St.3d 1565, 2020-Ohio-313, 138 N.E.3d 1166.

{¶ 3} After the Ohio Supreme Court sanctioned one of appellant's attorneys for failing to diligently represent appellant, *Wood Cty. Bar Assn. v. Driftmyer*, 155 Ohio St.3d 603, 2018-Ohio-5094, 122 N.E.3d 1262, appellant filed an untimely second petition for postconviction relief. The trial court summarily denied the petition. We affirmed the decision on appeal finding the only difference between appellant's first and second postconviction relief petitions was the discipline of appellant's trial counsel. We found appellant had still failed to establish that but for the attorney's errors a reasonable jury would not have found him guilty. *State v. Doogs*, 6th Dist. Wood No. WD-19-046, 2019-Ohio-4610, ¶ 10. The Ohio Supreme Court did not accept an appeal from our judgment for review. *State v. Doogs*, 158 Ohio St.3d 1410, 2020-Ohio-518, 139 N.E.3d 925.

2.

{¶ 4} Appellant filed a "motion to vacate void conviction and sentence" on October 23, 2019, asserting the trial court had lacked subject-matter jurisdiction to enter judgment at the time of his trial because the corpus delecti was never established.

{¶ 5} On June 10, 2020, the trial court denied the October 23, 2019 motion to vacate. The trial court found that even if appellant's assertions could be established, the judgment would be voidable, not void. Therefore, the doctrine of res judicata applied. The trial court further found the issues raised either could have been or actually were asserted on appeal and were rejected. Appellant appeals from this decision.

{¶ 6} On appeal, appellant asserts six assignments of error in two separate briefs filed on the same day: In his first brief, he argued:

ASSIGNMENT OF ERROR NO. ONE

THE TRIAL COURT COMMITTED PLAIN ERROR IN SUA SPONTE GRANTING A MOTION TO DISMISS BASED UPON THE DOCTRINE OF RES JUDICATA IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED UNDER THE UNITED STATES AND OHIO CONSTITUTION[S].

ASSIGNMENT OF ERROR NO. TWO

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO VACATE VOID JUDGMENT FOR LACK OF JURISDICTION.

3.

{¶ 7} In his second brief, appellant asserts the following assignments of error:

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT COMMITTED PLAIN ERROR IN SUA SPONTE GRANTING A MOTION TO DISMISS BASED UPON THE DOCTRINE OF RES JUDICATA IN VIOLATION OF APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTION. [SIC]

ASSIGNMENT OF ERROR NO. 2

IT WAS PLAIN ERROR FOR THE TRIAL COURT TO GRANT THE STATE OF OHIO A SUMMARY JUDGMENT IN VIOLATION OF THE APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW IN VIOLATION OF THE OHIO AND  U.S. CONSTITUTION.  [SIC]

ASSIGNMENT OF ERROR NO. 3

IT WAS PLAIN ERROR FOR THE TRIAL COURT NOT TO ORDER AND CONDUCT AN EVIDENTIARY HEARING IN THIS CASE IN VIOLATION OF THE APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW AS GUARANTEED BY THE OHIO AND U.S. CONSTITUTION.

4.

ASSIGNMENT OF ERROR NO. 4

IT WAS PLAIN AND PREJUDICIAL ERROR FOR THE TRIAL
COURT NOT TO DETERMINE THAT IT LACKED BOTH
STATUTORY AND CONSTITUTIONAL SUBJECT-MATTER
JURISDICTION TO ADJUDICATE THE CASE WHERE THERE WAS
NO CORPUS DELECTI ESTABLISHED.

{¶ 8} We have consolidated all of appellant's assignments of error for purposes of our decision. Appellant's motion asserts a lack of subject-matter jurisdiction resulting in a void judgment. Subject-matter jurisdiction, however, relates only to the "constitutional or statutory power of a court to adjudicate a case." *State v. Henderson*, Slip Opinion No. 2020-Ohio-4784, ¶ 35. Appellant actually argues he was denied effective assistance of counsel at trial, which resulted in an unfair trial, and that the prosecution failed to present evidence of the corpus delecti. We find appellant's motion is an attempt to avoid the res judicata doctrine and the subject-matter jurisdiction requirements of a postconviction relief petition. Furthermore, evidence of the corpus delecti relates to the additional evidence of a crime necessary to admit an out-of-court confession. *State v. Moats*, 7th Dist. Monroe No. 14 MO 0006, 2016-Ohio-7019, ¶ 17, citing *State v. Van Hook*, 39 Ohio St.3d 256, 261, 530 N.E.2d 883 (1988). Neither ineffective assistance nor the admissibility of evidence are issues relating to the trial court's subject matter jurisdiction.

{¶ 9} A court may look to the substance of an irregular motion in order to properly address it. *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. If

5.

we considered appellant's motion to vacate to be a Crim.R. 33(A) motion for new trial, it is untimely because it was filed more than 14 days after the verdict was rendered, the motion does not involve newly discovered evidence, and appellant was not unavoidably prevented from timely filing the motion as he raised the same issues in his direct appeal. However, we find the motion is a postconviction relief petition.

{¶ 10} Despite its caption, a motion filed after a direct appeal and which seeks to vacate a sentence on the ground that "constitutional rights have been violated is a petition for postconviction relief." *State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, 137 N.E.3d 1151, ¶ 16, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997), syllabus, and *Schlee* at ¶ 13 (recognizing a Crim.R. 32.1 postsentence motion to withdraw a guilty plea exists independently of a postconviction relief petition); *State v. Young*, 6th Dist. No. E-08-041, 2009-Ohio-1118, ¶ 16. *See also State v. Harper*, Slip Opinion No. 2020-Ohio-2913, ¶ 26 ("[g]enerally, a voidable judgment may only be set aside if successfully challenged on direct appeal"). Furthermore, a postconviction relief petition is "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(K). Based upon the criteria set forth in *Parker, supra,* we find appellant's motion to vacate is actually a petition for postconviction relief.

{¶ 11} The petitioner must file a postconviction relief petition within 365 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." R.C. 2953.21(A)(2). Furthermore, the trial court

6.

has no jurisdiction to rule on a petition filed after this deadline or to rule on successive petitions for similar relief unless the two factors of R.C. 2953.23(A)(1) apply. *State v. Guy*, 6th Dist. Sandusky No. S-15-019, 2016-Ohio-619, ¶ 16.

{¶ 12} In this case, the October 23, 2019 motion was untimely filed and was appellant's third postconviction relief petition asserting essentially the same issues. Appellant has not asserted any evidence that he was "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief," R.C. 2953.23(A)(1)(a), nor has he shown "by clear and convincing evidence that, but for the constitutional errors at trial, no reasonable factfinder would have found the petitioner guilty." R.C. 2953.23(A)(1)(b). Therefore, we find that the trial court lacked subject-matter jurisdiction to consider the October 23, 2019 motion and should have dismissed it on that ground alone. All of appellant's assignments of error are found not well-taken.

{¶ 13} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                         _____
                                               JUDGE

Thomas J. Osowik, J.


Christine E. Mayle, J.                        _____
CONCUR.                                                  JUDGE


                                                 _____
                                               JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.