[Cite as *State v. Perry*, 2022-Ohio-2132.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                     :

    Plaintiff-Appellee,                      :
                                                                                Nos. 110764 and 110954
    v.                                                    :

DAVEION PERRY,                              :

    Defendant-Appellant.                 :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART AND DISMISSED IN PART
**RELEASED AND JOURNALIZED:** June 23, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-610816-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Mary M. Frey and Sarah Hutnik, Assistant Prosecuting Attorneys, *for appellee.*

Daveion Perry, *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} In 2016, defendant-appellant Daveion Perry ("Perry") pleaded guilty to aggravated murder and received a term of life without eligibility of parole under a plea agreement. He has attempted to withdraw his plea since then. Before this

court now are two appeals he filed in 2021, which we consolidated sua sponte for review. After careful consideration of the record and applicable law, we dismiss 8th Dist. Cuyahoga No. 110764 because this court lacks jurisdiction to consider a nullity. We affirm the trial court's denial of Perry's "Motion for Plain Error Pursuant to Crim.R. 52(B)" in 8th Dist. Cuyahoga No. 110954 because Crim.R. 52(B) does not create a procedure to obtain review and, furthermore, the claims he raised in the motion are barred by res judicata. In the following, we recount the procedural history of this case and then address each appeal in turn.

**Substantive Facts and Procedural History**

{¶ 2} In 2016, Perry was charged under a 15-count indictment for aggravated murder and other related felony offenses. The indictment stemmed from a three-day crime spree between October 14-16, 2016. During an armed robbery on October 14, 2016, Perry killed a 15-year-old boy working at a Mr. Hero restaurant owned by the victim's family in Cleveland Heights, Ohio. The incident was captured on the restaurant's video surveillance system. Perry committed two more armed robberies following the shooting at Mr. Hero. He robbed a Subway restaurant on October 15, 2016, and a Dollar Store on October 16, 2016.

{¶ 3} Perry was arrested on October 16, 2016. The day after his arrest, on October 17, 2016, Perry's family retained counsel for him. The next day, Perry accepted a plea deal on his counsel's advice. Pursuant to the plea agreement, the state agreed to not seek the death penalty for the aggravated murder offense and Perry agreed to a sentence of life without parole for his offenses.

{¶ 4} On October 21, 2016, a grand jury indicted him for aggravated murder, five counts of aggravated robbery, four counts of kidnapping, two counts of felonious assault, breaking and entering, obstructing official business, and tampering with evidence. The docket reflects that the prosecutor served discovery on Perry's counsel two days after the indictment.

{¶ 5} On October 26, 2016, Perry was arraigned and entered a plea of not guilty and the court proceeded to a plea hearing. The state reported that a plea agreement had been reached based on the representation by the defense counsel that it was his client's desire to proceed with the proposed agreement. The state agreed to take the death penalty off the table in exchange for a full confession but reserved the right to proceed with a reindictment for the death penalty if Perry failed to comply with the plea agreement. The trial court then proceeded to a Crim.R. 11 colloquy with Perry. Perry answered "no" when asked if there was any threat or promise made to him. He answered "yes" when asked if he was satisfied with the work performed by his counsel. Perry then entered a plea of guilty to all charges in the 15-count indictment. The matter proceeded to sentencing two days later. At the sentencing hearing, Perry apologized to the victim's family. The trial court imposed the agreed sentence of life without parole eligibly for the aggravated murder offense, to be served consecutive to six years in prison on the firearm specifications. The remaining counts were either merged or given a concurrent term.

## a. Direct Appeal

{¶ 6} Perry did not file a timely appeal but later sought leave to file a delayed appeal. This court granted leave and appointed counsel, who subsequently filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967), asserting that no prejudicial error had occurred below and any grounds for appeal would be frivolous. Appellate counsel concluded he could not make any meritorious arguments on Perry's behalf. Nevertheless, counsel presented the following three potential issues for this court's *Anders* review: (1) whether the trial court erred by accepting Perry's guilty plea; (2) whether the conduct of trial counsel denied appellant his right to the effective assistance of counsel, and (3) whether the trial court imposed on Perry a sentence unsupported by the record. Perry also filed an appellate brief pro se and argued that his plea was void. He argued that (1) the Cleveland Heights Municipal Court lacked jurisdiction to accept his guilty plea, (2) his due process rights were violated when he entered into a plea agreement for offenses with which he had not yet been charged, (3) the state breached the agreement when he was forced to plead guilty to additional charges in the indictment that were not contained in the plea agreement, and (4) the trial court did not comply with Crim.R. 11(C) in accepting his guilty plea.

{¶ 7} Upon an independent review of the record, this court found no meritorious argument to any of Perry's arguments or to any potential issues raised by Perry's counsel. *State v. Perry*, 8th Dist. Cuyahoga No. 105307, 2017-Ohio-7324. This court noted specifically that Perry stated at the plea hearing that he understood

the rights he was waiving by pleading guilty and that he understood the effect of his plea.

### b. Petition for Postconviction Relief

{¶ 8} While his direct appeal was pending, on April 10, 2017, Perry filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence." He raised constitutional claims under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Regarding his Sixth Amendment ineffective-assistance-of-counsel claim, Perry alleged that his counsel induced him to take a life-without-parole plea only two days after his arrest and before he was even indicted. In support, he attached notarized affidavits from himself, his mother, and his girlfriend Sharon Weatherless ("Weatherless").[1]

{¶ 9} The trial court denied his petition, erroneously believing that it did not have jurisdiction to rule on Perry's postconviction petition because his direct appeal was pending. On appeal, this court reversed the trial court's decision.

---

[1] Perry's affidavit alleged he was coerced into the plea agreement. He alleged that his retained counsel told him that "you get what you pay for," that he could not help Perry in the trial, and that Perry would lose the trial and get the death penalty. Perry further alleged that his counsel knew he was under duress but continued to talk him into taking the plea deal. Weatherless's affidavit alleged that Perry's counsel told her and Perry's mother that Perry would get the death penalty if he did not take the plea. Perry's mother stated in her affidavit that Perry's counsel told her that "even though [Perry] wanted to fight the case, they convinced him to a plea deal," and that Perry would get the death penalty if he fought the case. Perry's mother also alleged that Perry's counsel told her that if she had enough money, he would help fight the case, but she was unable to pay the amount of money he asked for. She alleged that, because Perry's counsel was not willing to try the case, there was no effective way for Perry and his family to fight the charges.

{¶ 10} On remand, the trial court issued a ruling denying postconviction relief in December 2017. The trial court described the case as a cold-blooded murder of an innocent 15-year boy and found that Perry was afforded every constitutional guarantee and was ably represented by counsel during every part of the proceeding. The trial court found that Perry entered a knowing, intelligent, and voluntary plea, and noted specifically that "[t]he plea proceeding was lengthy and all aspects of the steps leading up to the plea were explained in great detail and were confirmed and approved by defendant's counsel."

{¶ 11} The trial court's ruling denying postconviction relief did not include findings of fact and conclusions of law as required by R.C. 2953.21(H). Notably, Perry did not appeal from the ruling to challenge the trial court's failure to comply with the statute. As we explain later in the opinion, Perry's failure to appeal the trial court's denial of his postconviction petition in 2017 is fatal to his R.C. 2953.21(H) claim.

### c. Subsequent Motions

{¶ 12} Subsequent to the trial court's denial of his petition for postconviction relief, in November 2017, Perry filed a motion to withdraw his plea pursuant to Crim.R. 32.1. The trial court denied the motion. On appeal, this court found that all of the issues raised in Perry's motion to withdraw the plea were raised, considered, and rejected in Perry's direct appeal and concluded res judicata barred any further consideration of these issues. *State v. Perry*, 8th Dist. Cuyahoga No. 106723, 2018-Ohio-4117, ¶ 11.

{¶ 13} In August 2018, Perry filed a motion to vacate his plea. The trial court denied the motion. This court affirmed the trial court, finding that the claims raised in the motion were or should have been asserted on direct appeal or the prior motion to withdraw his guilty plea and, as such, were barred by res judicata. *State v. Perry*, 8th Dist. Cuyahoga No. 107596, 2019-Ohio-547, ¶ 10.

{¶ 14} In January 2019, Perry filed a "Motion to Vacate Conviction and Suppress Evidence in Violation of Fourth Amendment of the United States Constitution and Article I, Section 14 of the Ohio Bill of Rights." Perry argued that his Fourth Amendment rights were violated by a warrantless arrest and his trial counsel was ineffective for failing to seek suppression of evidence before he pleaded guilty and that his guilty plea was a product of ineffective assistance of counsel. The trial court denied the motion. On appeal, this court explained that Perry's motion must be treated as a successive petition for postconviction relief under R.C. 2953.23(A) and held that the trial court did not have jurisdiction to entertain Perry's motion. *State v. Perry*, 8th Dist. Cuyahoga No. 108258, 2019-Ohio-3668, ¶ 9.

## Appeal No. 110764: Motion for Findings of Fact and Conclusions of Law

{¶ 15} Appeal No. 110764 concerns the postconviction petition Perry filed in 2017. The trial court issued a ruling in December 2017 denying Perry postconviction relief, but the judgment entry did not contain findings of fact and conclusions law as required by R.C. 2953.21(H). Perry did not appeal the trial court's ruling. Instead, three and a half years later, on June 8, 2021, he filed a

"Motion for Findings of Fact and Conclusions of Law Pursuant to R.C. 2953.21(H)" regarding his 2017 postconviction petition. The trial court granted the motion and then issued an order that denied the postconviction petition and included the findings of fact and conclusion of law.[2] Perry now appeals from that order in Appeal No. 110764, raising six assignments of error.[3]

---

[2]The trial court found that, by pleading guilty, Perry waived his constitutional claims under the Fourth, Fifth, and Fourteenth Amendments. Furthermore, the doctrine of res judicata barred all of his constitutional claims except for the ineffective-assistance-of-counsel under the Sixth Amendment. Regarding that claim, the trial court held that Perry has not proven that his counsel was deficient or that he would not have pleaded guilty but for the purported deficiencies of his counsel. The court found the affidavits submitted with his postconviction petition were self-serving and relied mostly on hearsay. The trial court found furthermore that the affidavits were contradicted by the record, which reflected that Perry stated in open court that there were no threats or promises made to him and that he was satisfied with his counsel's performance. The court found Perry failed to present sufficient facts establishing grounds for relief justifying a hearing.

[3] The six assignments of error are as follows:

1. The trial court erred and abused its discretion violating Perry's due process right when it failed to review Perry's evidence submitted with his postconviction petition and not granting an evidentiary hearing before the filing of the ruling on the motion for post-conviction relief.

2. Was Perry's due process right violated when the trial court abused its discretion ruling – that Perry had effective assistance of counsel throughout the trial court proceedings, when trial counsel was ineffective for failing to object, investigate and/or discover exculpatory evidence and information pertaining to count 1 aggravated murder of the grand jury indictment and section 1(a) of the plea agreement?

3. Perry's due process was violated when the trial counsel rendered ineffective assistance for failing to investigate and discover exculpatory evidence favorable to Perry and not getting the charges of aggravated robbery and kidnapping against Taylor Fryer deleted from the plea agreement and indictment and having Perry plead guilty to this victim.

{¶ 16} Both Perry's motion for findings of fact and conclusions of law and the trial court's order on that motion are premised on a lack of final, appealable order in the trial court's 2017 judgment denying postconviction relief.

{¶ 17} R.C. 2953.21(H) states that "if the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition." In the past, the courts had interpreted R.C. 2953.21(H) to mean that the trial court's judgment denying a timely petition for postconviction relief that does not contain findings of fact and conclusions of law is not a final, appealable order, based on the authority of *State v. Mapson*, 1 Ohio St.3d 217, 438 N.E.2d 910 (1982). In *Mapson*, the Supreme Court

---

4. Perry's due process was violated when the trial counsel rendered ineffective assistance in failing to investigate or discover the exculpatory evidence dealing with the Dollar General robbery on the night of October 16, 2016, not getting this section deleted from the plea agreement and indictment and having Perry plead guilty to this charge.

5. Perry's due process was violated when the trial counsel for Perry rendered ineffective assistance for failing to investigate and discover the exculpatory evidence for the 2 felonious assault charges against the Cleveland Heights Police on the night of October 16, 2016, not getting the clause from the contract, i.e., plea agreement section 1 j(2) removed and indictment counts 11 and 12 dismissed and having Perry plead guilty to this victim.

6. Perry suffers from ineffective assistance of counsel and his due process rights were violated when the prosecutor and counsel violated the Brady rule by withholding exculpatory evidence favorable to Perry and having Perry plead guilty to the counts whereas no crime was ever committed and where counsel failed to file for Ohio Crim. R. 16 motion for discovery before coercing Perry into a plea agreement then withheld that information once counsel received his first set of evidence from the prosecutors and the additional evidence from the motion for discovery.

of Ohio held that the requirement that a trial court make findings of fact and conclusions of law is essential in order to prosecute an appeal. *Id.* at 219. *See, e.g., State v. Hostacky*, 8th Dist. Cuyahoga No. 101282, 2015-Ohio-419, ¶ 10 (a judgment entry denying or dismissing a timely petition for postconviction relief that does not contain findings of fact and conclusions of law is not a final, appealable order); *State v. Spencer*, 8th Dist. Cuyahoga No. 81035, 2003-Ohio-287; *State v. Loper*, 8th Dist. Cuyahoga Nos. 81297, 81400, and 81878, 2003-Ohio-3213; and *In re W.H.*, 8th Dist. Cuyahoga No. 94160, 2010-Ohio-2898.

{¶ 18} In 2020, however, the Supreme Court of Ohio overturned *Mapson* in *State ex rel. Penland v. Dinkelacker*, 162 Ohio St.3d 59, 2020-Ohio-3774, 164 N.E.3d 336. The Supreme Court of Ohio found *Mapson* to have been wrongly decided and caused confusion about the appealability of a judgment denying postconviction relief that does not include findings of fact and conclusions of law. The court held that a trial court's failure to issue findings of fact and conclusions of law does not affect a petitioner's ability to appeal a judgment denying postconviction relief. In support for the holding, the court cited R.C. 2953.23(B), which provides that "[a]n order awarding or denying relief sought in a petition filed pursuant to section 2953.21 of the Revised Code is a final judgment." The court in *Penland* concluded that "the statutory mandate that a trial court issue findings of fact and conclusions of law does not transform the trial court's failure to do so into a jurisdictional defect." *Id.* at ¶ 21. "If a trial court errs by failing to issue statutorily

required findings of fact and conclusions of law, the petitioner may obtain relief by raising that issue in an appeal from the trial court's judgment." *Id.* at ¶ 28.

{¶ 19} Pursuant to *Penland*, therefore, the trial court's 2017 denial of Perry's postconviction petition was a final, appealable order. In order to challenge the trial court's noncompliance with R.C. 2953.21 and the deficiency in its judgment, Perry was required to appeal that judgment in 2017. *See State v. Hunt*, 5th Dist. Tuscarawas No. 2020 AP 09 0019, 2021-Ohio-528, ¶ 9 (the appellate court reversed the trial court's judgment denying postconviction relief because it did not contain the findings of fact and conclusions of law and remanded the case for the trial court to make the requisite findings).[4]

{¶ 20} Perry failed to appeal the trial court's judgment in 2017, but rather, moved the court for findings of facts and conclusions of law in 2021. Perry's only remedy to correct the deficiency, however, was through an appeal pursuant to *Penland*. Because the trial court's 2017 judgment was final, it did not retain jurisdiction to take further actions on Perry's petition. *Noble v. Colwell*, 44 Ohio St.3d 92, 94, 540 N.E.2d 1381 (1989) (when the trial court makes an order that is not final it retains jurisdiction for further proceedings). Because the trial court was without jurisdiction to issue the instant order containing the findings of fact and conclusions of law, the order was a nullity, and this court lacks jurisdictions to

---

[4] This court directed the parties to supplement their briefs regarding this court's jurisdiction in Appeal No. 110764 in light of *Penland*. Only Perry submitted a supplemental brief in response.

entertain an appeal from it.  *See, e.g.*, *State v. Doogs*, 6th Dist. Wood No. WD-19-089, 2020-Ohio-1415, ¶ 12, and *State v. Buss*, 3d Dist. Auglaize No. 2-05-04, 2005-Ohio-3603, ¶ 12.

{¶ 21}  For the foregoing reasons, we dismiss Appeal No. 110764 for a lack of jurisdiction.

**Appeal No. 110954: "Motion for Plain Error Pursuant to Crim.R. 52(B)"**

{¶ 22}  On August 19, 2021, Perry filed a "Motion for Plain Error Pursuant to Crim.R. 52(B)."  He claimed in the motion that the trial court failed to explain the maximum penalties for his offenses and also failed to comply with R.C. 2929.14(C) at sentencing.  The trial court denied the motion, and Perry appealed from the judgment, in Appeal No. 110954.[5]

---

[5] The four assignments of error raised on appeal are as follows:

1.  Perry's due process and equal protections were violated pursuant to the 14th Amendment of the United States Constitution and Article I, Section 10 of the Ohio Bill of Rights when the trial court failed to follow the strict compliance of Crim.R. 11(C)(2)(c).

2.  The state failed and violated Perry's due process and equal protection pursuant to the 14th Amendment of the United States Constitution and Article I, Section 10 of the Ohio Bill of Rights when the plea agreement and indictment both failed to incorporate the peace officer specification pursuant to R.C. 2941.1412.

3.  The trial court violated Perry's due process when failing to follow the R.C. 2929.12 sentencing hearing considerations.

4.  The trial court violated Perry's due process pursuant to the 14th Amendment and Article I, section 10 of the Ohio Bill of Rights when the trial court failed to make the statutory requirements pursuant to R.C. 2929.14(C).

{¶ 23} Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B) provides a standard of review on direct appeal and does not in itself create a procedure to obtain review. *State v. Strickland*, 10th Dist. Franklin No. 14AP-307, 2014-Ohio-5105, ¶ 15. Perry's motion is not recognized under the Ohio Rules of Criminal Procedure. *State v. Frazier*, 8th Dist. Cuyahoga No. 88331, 2007-Ohio-1851, ¶ 7. Furthermore, the two specific claims he raised in the motion, which concerned the validity of the Crim.R. 11 colloquy and the propriety of his consecutive sentence, are barred by res judicata because he could have raised these two claims on direct appeal. *Id.* at ¶ 8. Accordingly, the trial court's judgment denying his "Motion for Plain Error Pursuant to Crim.R. 52(B)" is affirmed.

{¶ 24} Appeal No. 110764 is dismissed for want of jurisdiction. The trial court's judgment is affirmed in Appeal No. 110954.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN T. GALLAGHER, J., CONCUR